González Román, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
En su carácter de Liquidador de la Corporación Insular de Seguros, el Comisionado de Seguros de Puerto Rico presentó el recurso de epígrafe cuestionando las órdenes del Tribunal de Primera Instancia, emitidas el 3 agosto de 1995. Mediante dichas órdenes, el Tribunal autorizó al Comisionado a enmendar la demanda para aumentar la cantidad reclamada a International Insurance Corp. No obstante, prohibió el descrubrimiento de prueba con respecto a la alegación enmendada. En su petición de certiorari, el Comisionado hace un extenso señalamiento de errores; siete en total.
Mediante orden del 28 de agosto de 1995 paralizamos los procedimientos en el Tribunal de Primera Instancia y le concedimos diez (10) días a los demandados-recurridos para que fijaran su posición a este recurso. Los recurridos presentaron un escrito en oposición el 8 de octubre pasado, al cual replicó el recurrente el día 13 siguiente, quedando el caso sometido para su solución.
Examinados los escritos presentados por las partes así como el trámite habido en el caso, expedimos el auto.
El 1ro. de diciembre de 1992, la Corporación Insular de Seguros, en adelante "la Corporación", instó acción en cobro de dinero contra International Insurance Corp., en lo sucesivo "International", *1231 por la suma de SESENTA Y UN MIL SEISCIENTOS CINCUENTA Y OCHO DOLARES CON OCHENTA Y CUATRO CENTAVOS ($61,658.84) por concepto de primas devengadas y no remesadas a dicha entidad aseguradora. El 21 de diciembre de 1992, la Corporación fue declarada judicialmente insolvente y ordenó al Comisionado su liquidación como agente fiscalizador de esa industria.
Surge de la minuta del 13 de abril de 1995, levantada en ocasión de la conferencia sobre el estado de los procedimientos, que la representación legal de International alegó que el caso se había transigido antes de que la Corporación se declarara insolvente, pero que dicha transacción no se hizo por escrito. Alegó,- además-, que efectivamente la cuenta había sido -cuadrada ;a la suma de OCHENTA MIL DOLARES ($80,000).
Por otra parte el Comisionado alegó que, al momento de entrar en funciones como liquidador, se j percató que International adeudaba la cantidad de DOSCIENTOS DIECISIETE MIL DOLARES ($217,000) y no la suma que originalmente se reclamaba. En esa oportunidad, el Tribunal ordenó al Comisionado preparar un detalle pormenorizado, identificando cada póliza que emitió y el importe de la comisión, que suma la cantidad de $217,000, y que explicara por qué se otorgó un documento público señalando que la deuda era de OCHENTA MIL DOLARES ($80,000) para luego cambiarlo a $217,000. Además, enfatizó que el peso de la prueba lo tiene el Comisionado y ordenó también a International contestar un requerimiento que se había notificado.
El Tribunal estableció «n procedimiento a seguir, el cual sería puesto -en práctica si las partes no j llegaban a un acuerdo en cuanto a las sumas reclamadas. Por la importancia que dicho procedimiento I tiene en la disposición de los señalamientos ante nuestra consideración, procedemos a transcribir el mismo:
"1.
3.- Si no llegan a un acuerdo dentro de los próximos treinta días, se reunirán los contadores de ambas partes, con los abogados, si así éstos lo desean. Esto independientemente de la facultad que g tenga el Comisionado para auditar los libros de la Agencia. Aquí el hecho en controversia es bien ] fácil de determinar; es un problema contable; basta con examinar los libros de la Corporación y de j la agencia demandada para determinar el monto de la deuda. i
4. - Si los contadores no se ponen de acuerdo, deberán preparar un informe indicando en dónde están sus respectivas diferencias.

5.- En esta reclamación de cobro de dinero, el Tribunal no le va a reconocer al Comisionado más poderes ni facultades de las que hubiese tenido la Corporación de no haberse disuelto.

6.- En la eventualidad de que no lleguen a un acuerdo, el peso de la prueba lo sigue teniendo la parte demandante.

7.- Si no llegan a un acuerdo, entonces ambas partes en ese mismo informe, deberán informarle al Tribunal el nombre de tres (3) peritos que sean Contadores Públicos Autorizados, para que el Tribunal nombre a uno, o en su defecto, la parte demandada podrá presentar una moción de sentencia sumaria. En cuyo caso hasta que la misma no se resuelva quedaría en suspenso la designación de un perito para auditar los libros de la Corporación y de los demandados.

8.- La parte demandada deberá poner los libros a disposición del perito. El Comisionado deberá \ poner también a disposición del perito del Tribunal los libros de la Corporación.

9.- Ambas partes consignarán en el Tribunal los honorarios de los peritos.

10.- El Tribunal le impartirá la aprobación al informe de ese perito, a menos que se demuestre que el mismo es fraudulento o manifiestamente erróneo. La parte a quien no le favorezca el informe ,éd 
*1232
perito, pagará los honorarios que aportó la parte a quien le favorece."

El 8 de junio de 1995, el Comisionado notificó un requerimiento para producción de documentos a tenor con la Regla 31 de las Reglas de Procedimiento Civil, 31 L.P.R.A. Ap. III. Por otra parte, International presentó una moción en oposición al requerimiento de documentos. Esta moción fue atendida por otro juez del mismo tribunal quien, mediante orden de 7 de julio de 1995, declaró No Ha Lugar a la misma, en su totalidad, y a su vez concedió un plazo de 10 días para cumplir con el requerimiento de documentos solicitados. Ordenó, además, el pago de la suma que la parte demandada admite adeudar. Dispuso, en adición, que las partes procedieran con lo ordenado por el tribunal en la conferencia del 13 de abril de 1995.
El 26 de julio de 1995, el Comisionado reiteró su solicitud para que se le autorizara a enmendar la demanda a los fines de aumentar la cuantía a la suma de $217,531.94. Por otra parte, el 3 de agosto de 1995, International solicitó un término adicional para producir los documentos.
El Tribunal de Primera Instancia autorizó la enmienda a la demanda mediante orden emitida el mismo día 3 de agosto. No obstante, dejó sin efecto la orden que emitiera el otro juez de ese mismo tribunal en la cual le concedía un plazo de diez (10) días a International para que produjera los documentos solicitados. La orden también prohibió el descubrimiento de prueba ulterior en el caso, aduciendo que la naturaleza sencilla de la reclamación no lo justificaba y mucho menos para beneficio de la parte demandante, sobre quien recae el peso de la prueba.
El Comisionado cuestiona en su Petición de Certiorari la validez de la referida orden haciendo varios planteamientos en torno a ésta.
En sintesis, argumenta que goza de facultad en ley para requerirle a International la documentación acreditativa de sus negocios con la Corporación Insular de Seguros, que la orden recurrida le impide cumplir con su función como liquidador y, por consiguiente, la orden plantea un conflicto jurisdiccional entre dos salas del Tribunal de Primera Instancia. En adición, sostiene que se le ha negado el derecho a examinar la evidencia que posee la parte recurrida con respecto a la alegación enmendada. Cuestiona, además, que no se justifica la designación de un perito contador en sustitución de los mecanismos de descubrimiento de prueba en un caso sencillo como el de autos sin considerar el impacto económico que representa para la Corporación Insular de Seguros.
Conforme se indica en Lluch v. España Service Sta., 117 D.P.R. 729, a la pág. 743 (1986) "...un amplio y liberal descubrimiento de prueba es la médula del esfuerzo por destruir de una vez y para siempre la deportiva teoría de justicia que tanto mina la fe del pueblo en el sistema judicial. Un sistema liberal de descubrimiento de prueba antes del juicio facilita la tramitación de los pleitos y evita inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran, hasta el día de la vista, las cuestiones y los hechos que en realidad son objeto del litigio".
Estamos conscientes de la difícil tarea que confrontan los tribunales de instancia para acelerar los procedimientos y descongestionar los calendarios. No obstante, no podemos convalidar la actuación del Tribunal de Primera Instancia que impide a un litigante su derecho a descubrir prueba en torno a unas nuevas alegaciones. Las reglas que permiten el descubrimiento se basan en el concepto básico de que antes del juicio toda parte en la litigación tiene el derecho a realizar el descubrimiento de toda la información que esté en posesión de cualquier persona. Wright & Miller, Federal Practice and Procedure, Civil, Sec. 2001 (1970).
Cuando se denegó el descubrimiento de prueba al Comisionado, el tribunal acababa de aceptar las enmiendas a la demanda y los demandados no habían contestado el interrogatorio de los demandantes. Bajo estas circunstancias, ciertamente, el tribunal recurrido no puede limitar el derecho del Comisionado a descubrir la prueba con que cuenta International para controvertir las nuevas alegaciones de la demanda y mucho menos bajo el fundamento de que es en el demandante sobre quien recae el peso de la prueba.
En armonía con la filosofía procesal anteriormente esbozada, se expide el auto de certiorari solicitado y se deja sin efecto la orden emitida por el Tribunal de Primera Instancia el 3 de agosto de *1233 1995 y en su consecuencia se ordena a International suministrar los documentos solicitados por el Comisionado, dentro del término de quince (15) días a partir de la notificación de esta Sentencia.
Una vez suministrada la documentación antes mencionada, las partes deberán dar fiel cumplimiento al procedimiento establecido en la Minuta del 3 de agosto de 1995, en todo aquello que sea compatible con lo aquí dispuesto.
Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.
REGISTRESE y NOTTFIQUESE.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General